LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

THY B. PHAM, an individual,

Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA and DOES 1-10, inclusive,

Defendants.

Case No. CV23-00234

**COMPLAINT FOR:**

**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)**

1.    Plaintiff THY B. PHAM ("Plaintiff") complains and alleges:

## **INTRODUCTORY ALLEGATIONS**

2.    This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

3.    Venue is properly within the Central District of California pursuant to 29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this District, because Defendant resides in or may be found within this district, and

1   because the ends of justice so require.

2       4.      This action seeks damages for the denial of disability benefits under a
3   group disability policy, Policy No. 633518, ("the Plan") established by Plaintiff's
4   employer, Bassett, Discoe, McMains & Kargozar ("BDMK"), and administered
5   and funded by Defendant UNUM Life Insurance Company of America
6   ("UNUM").

7       5.      Plaintiff seeks benefits, attorneys' fees and costs, and other
8   appropriate relief for the improper, erroneous and illegal denial of disability
9   benefits owed to Plaintiff, a participant and beneficiary of the Plan.

10

11              **THE PARTIES AND THEIR RELATIONSHIPS**

12      6.      Plaintiff at all times herein mentioned was a resident and citizen of the
13  County of Orange, State of California.   At all relevant times, Plaintiff was a
14  participant and beneficiary of the Plan.

15      7.      At all relevant times, the Plan was a group benefit plan that provided
16  Plaintiff with protection against the risk of disability.  Plaintiff was an employee of
17  BDMK and was enrolled at all relevant times in the Plan.

18      8.      Defendant is an insurance company authorized and licensed to
19  conduct, and is indeed conducting, the business of insurance in the State of
20  California.  Plaintiff is informed and believes, and thereon alleges, that UNUM is a
21  corporation domiciled in the State of Maine.

22

23              **FACTUAL BACKGROUND**

24      9.      The disability Plan established by BDMK was funded and
25  administered by UNUM.

26      10.     Plaintiff paid all premiums due for the disability coverage under the
27  Plan.

28      11.     Under the Plan, if Plaintiff is unable to perform the material and

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 900071
tel 213.624.2900
fax 213.624.2901

— 2 —
**Complaint**

substantial duties of her regular occupation with reasonable continuity, she is entitled to a disability benefit. All benefits are administered and paid under the Plan by UNUM. The Plan is funded by an insurance policy issued to BDMK by UNUM.

12. The Plan provides both short-term disability ("STD") and long-term disability ("LTD") benefits.

13. The monthly LTD benefit is 60% of pre-disability income.

14. The maximum benefit period is to Plaintiff's normal Social Security retirement age.

15. Plaintiff was employed by BDMK at all relevant times as a paralegal.

16. The onset of Plaintiff's disability was September 12, 2019.

17. Plaintiff promptly submitted a claim to Defendant and complied with all of the plan requirements in submitting her claim.

18. Defendant paid some of the benefits due from the period of on or about December 12, 2019, through on or about November 12, 2021.

19. On or about November 12, 2021, Defendant denied the LTD claim. Defendant had paid some benefits on the claim up to and including November 12, 2021.

20. On or about November 14, 2021, Plaintiff denied the appeal of her claim in writing, noting that all three of her treating physicians had determined that she was totally disabled. In July 2021, Plaintiff contacted her employer and other firms to see if she would be able to return to work. In all cases, she was told that her condition and the effects of her medications would preclude her from being employed.

21. On or about December 13, 2021, Plaintiff was hospitalized due to an epidural abscess. She was diagnosed with encephalopathy, hypothyroidism, hypertension, sepsis, and other conditions. She underwent a thoracic laminectomy. She was prescribed 15 different medications on discharge.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

22.    Plaintiff's list of mediations as listed on December 22, 2021, included: atorvaSTATin, citalopram, folic acid, gabapentin, lactulose, levothyroxine, losartan, metFORMIN, pioglitazone, potassium chloride, propanolol, rifAXIMin, thiamine, HYDROmorphone, and DILAUDID.

23.    In or about December 2021, Hal Shimizu, M.D., wrote that Plaintiff was totally disabled for an indefinite period of time due to epidural and brain abscesses, severe lumbar degenerative joint disease, and cirrhosis with chronic hepatic encephalopathy.

24.    On or about January 18, 2022, Tse-Ling Fong, M.D., wrote, "Ms. Thy Pham is currently under my care for a chronic condition with impaired high level neurocognitive function that prevents her from functioning as a paralegal."

25.    On or about March 8, 2022 Aaron Rockoff, M.D., diagnosed Plaintiff with diabetes and cirrhosis.

26.    On or about March 22, 2022, Plaintiff was evaluated by Stephanie Y. Kim, D.O., who wrote that Plaintiff was suffering from multiple conditions including spondylosis of the lumbosacral region, which was causing her "severe pain."  Dr. Kim wrote that Plaintiff had undergone an MRI that confirmed her condition and that she was also suffering from a "severe left lower leg hematoma."

27.    On or about May 23, 2022, Defendant's medical reviewer, Arlen Green, D.O., reviewed Plaintiff's file, acknowledged the numerous cognitive and physical limitations placed upon her by the treating physicians, but just blanket concluded that Plaintiff could return to work.  He did not opine on why these conclusions were wrong nor did he provide any objective evidence to support his rejection of all of the medical evidence.

28.    On or about May 27, 2022, UNUM wrote that it was still considering Plaintiff's appeal.

29.    On May 31, 2022, the administrative law judge in Plaintiff's Social Security Disability claim wrote that Plaintiff has not been able to work as a

1   paralegal since the onset of her disability on September 12, 2019:

2         In response to a hypothetical question that reflected the claimant's

3         residual functional capacity since September 12, 2019, the vocational

4         expert responded that the individual would be unable to complete the

5         past work listed above, as the demands of this past work exceed the

6         residual functional capacity.  I accept the testimony of the vocational

7         expert and find that the claimant is unable to perform past relevant

8         work as actually or generally performed.

9         30.    On or about June 10, 2022, UNUM wrote that it was still considering

10  Plaintiff's appeal.

11        31.    On or about July 8, 2022, UNUM wrote that it was still considering

12  Plaintiff's appeal.

13        32.    On or about August 1, 2022, UNUM wrote that it had rejected

14  Plaintiff's appeal

15        33.    On August 15, 2022, Plaintiff's attorney write to Defendant asking for

16  more time so that Plaintiff's treating physicians could respond to UNUM's

17  decision letter.

18        34.    On October 18, 2022, Plaintiff sent additional documents to

19  Defendant.  Included were reports from Drs. Shimizu, Fong, and Marc Cheng,

20  M.D., all of which concluded based on significant objective findings, studies, and

21  examinations, that Plaintiff was totally disabled.

22        35.    On or about October 25, 2022, Defendant responded that it would not

23  change its position, despite the additional information.

24        36.    On November 28, 2022, Dr. Cheng wrote a lengthy report, stating:

25        Ms. Thy Pham is under my care for pain management.  She has

26        requested I review the "Appeals Physician Written Review" by Arlen

27        Green, D.O. dated May 23, 2022 and an addendum dated May 26,

28        2022.   Dr. Green believes patient has no limitations that would

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

1   preclude her to work as a paralegal. ·I disagree with that conclusion.

2       Ms. Pham has a complex medical history including cirrhosis,
3   complex regional pain syndrome, encephalopathy, diabetes,
4   hypothyroidism and lumbar spondylosis. With these conditions, she
5   has needed to take as many as 15 different pills per day from multiple
6   specialties. In order to alleviate her suffering we have prescribed her
7   hydromorphone, gabapentin and Flexeril. These medications carry
8   significant side effects for which we monitor her monthly. Her
9   decrepit health has plagued her life since I had begun seeing her in
10  2017. It renders her semi-functional as she depends on large doses of
11  medications to treat her various ailments.

12      Her condition took a turn for the worse in November of 2021
13  when her back pain escalated to the point where she presented to the
14  emergency room. On MRI scan she was found to have an abscess in
15  her spine measuring almost 2 feet long! Such diagnosis in her state
16  carries a high mortality. Neurosurgeon, Dr. Lars Anker M.D.,
17  performed a dangerous thoracic laminectomy with debridement and
18  washout of her spine. Thereafter she was left on IV antibiotics for
19  another subsequent 3 months. Dr. Green's report makes no mention
20  of reviewing radiology scans, hospital course, nor this life-and-death
21  event.

22      It does not take a doctor to realize that this woman cannot work
23  as a paralegal with its attendant duties of communication, document
24  handling, computer processing and other complex tasks spanning an
25  8-hour workday.

26      Dr. Green's report cites exam findings from Dr. Shimazau, Dr.
27  Fong, and our practice. However, our exam was never meant to
28  assess whether she can work as a paralegal, or any occupation for that

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

**Complaint**

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

matter. Our medical visits conduct a safety assessment and focus on guiding treatment plans to improve her quality of life to meet fundamental activities of daily living. Cognitive discussions and exams only reflect a basic level of communication to demonstrate she can take care of herself. How can one equate brushing your teeth to preparing a complex legal brief?

Along with suffering from her current incurable conditions, her prognosis is further worsened because interventional spine treatments will be limited in the future given her history of epidural abscess and coagulopathy. Her days are speckled with bouts of random pain and getting ready in the morning takes infinitely longer than the average healthy person. She will need lifelong multi-disciplinary treatments to sustain a basic level of function.

It is my opinion that she is not able to work at this time due to her disabilities.

37. On November 29, 2022, Plaintiff sent the November 28, 2022, report from Dr. Cheng to Defendant.

38. Later that same day, on November 29, 2022, Defendant wrote back that it had received Dr. Cheng's report but that it would reject his analysis out of hand and not provide it to Dr. Green: "Although Dr. Cheng's letter is new to file, the information contained within the letter is not. The claim file possesses Dr. Cheng's full medical opinion and time relevant records that were previously considered during the appeal review. Our appeal decision remains unchanged."

39. On December 5, 2022, counsel for Plaintiff wrote to Defendant advising that Defendant was obligated to consider Dr. Cheng's new report as part of the required "meaningful dialogue" between an ERISA claimant and Defendant. An ERISA plan that fails to engage in a "meaningful dialogue" with a claimant has abused its discretion. *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666,

676 (9th Cir. 2011).

40.     On December 9, 2022, Defendant responded, "Further consideration on appeal, [*sic*] was not warranted."

41.     The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

42.     The Plan was entered into within the jurisdiction of the above-entitled Court.

43.     The Plan calls for performance within the jurisdiction of the above-entitled Court.

44.     Plaintiff has pursued and exhausted all administrative appeals, which Defendants denied.

## FIRST CAUSE OF ACTION
## FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS
### (Against All Defendants)

45.     The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

46.     The disability Plan established by BDMK was funded and administered by UNUM.

47.     Plaintiff paid all premiums due for the disability coverage under the Plan.

48.     Under the Plan, if Plaintiff is unable to perform the material and substantial duties of her regular occupation with reasonable continuity, she is entitled to a disability benefit. All benefits are administered and paid under the Plan by UNUM. The Plan is funded by an insurance policy issued to BDMK by UNUM.

49.     The Plan provides both short-term disability ("STD") and long-term disability ("LTD") benefits.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

50.     The monthly LTD benefit is 60% of pre-disability income.

51.     The maximum benefit period is to Plaintiff's normal Social Security retirement age.

52.     Plaintiff was employed by BDMK at all relevant times as a paralegal.

53.     The onset of Plaintiff's disability was September 12, 2019.

54.     Plaintiff promptly submitted a claim to Defendant and complied with all of the plan requirements in submitting her claim.

55.     Defendant paid some of the benefits due from the period of on or about December 12, 2019, through on or about November 12, 2021.

56.     On or about November 12, 2021, Defendant denied the LTD claim. Defendant had paid some benefits on the claim up to and including November 12, 2021.

57.     On or about November 14, 2021, Plaintiff denied the appeal of her claim in writing, noting that all three of her treating physicians had determined that she was totally disabled.  In July 2021, Plaintiff contacted her employer and other firms to see if she would be able to return to work.  In all cases, she was told that her condition and the effects of her medications would preclude her from being employed.

58.     On or about December 13, 2021, Plaintiff was hospitalized due to an epidural abscess.  She was diagnosed with encephalopathy, hypothyroidism, hypertension, sepsis, and other conditions.  She underwent a thoracic laminectomy. She was prescribed 15 different medications on discharge.

59.     Plaintiff's list of mediations as listed on December 22, 2021, included: atorvaSTATin, citalopram, folic acid, gabapentin, lactulose, levothyroxine, losartan, metFORMIN, pioglitazone, potassium chloride, propanolol, rifAXIMin, thiamine, HYDROmorphone, and DILAUDID.

60.     In or about December 2021, Hal Shimizu, M.D., wrote that Plaintiff was totally disabled for an indefinite period of time due to epidural and brain

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

— 9 —
**Complaint**

1  abscesses, severe lumbar degenerative joint disease, and cirrhosis with chronic
2  hepatic encephalopathy.

3      61.    On or about January 18, 2022, Tse-Ling Fong, M.D., wrote, "Ms. Thy
4  Pham is currently under my care for a chronic condition with impaired high level
5  neurocognitive function that prevents her from functioning as a paralegal."

6      62.    On or about March 8, 2022 Aaron Rockoff, M.D., diagnosed Plaintiff
7  with diabetes and cirrhosis.

8      63.    On or about March 22, 2022, Plaintiff was evaluated by Stephanie Y.
9  Kim, D.O., who wrote that Plaintiff was suffering from multiple conditions
10 including spondylosis of the lumbosacral region, which was causing her "severe
11 pain."  Dr. Kim wrote that Plaintiff had undergone an MRI that confirmed her
12 condition and that she was also suffering from a "severe left lower leg hematoma."

13     64.    On or about May 23, 2022, Defendant's medical reviewer, Arlen
14 Green, D.O., reviewed Plaintiff's file, acknowledged the numerous cognitive and
15 physical limitations placed upon her by the treating physicians, but just blanket
16 concluded that Plaintiff could return to work.  He did not opine on why these
17 conclusions were wrong nor did he provide any objective evidence to support his
18 rejection of all of the medical evidence.

19     65.    On or about May 27, 2022, UNUM wrote that it was still considering
20 Plaintiff's appeal.

21     66.    On May 31, 2022, the administrative law judge in Plaintiff's Social
22 Security Disability claim wrote that Plaintiff has not been able to work as a
23 paralegal since the onset of her disability on September 12, 2019:

24         In response to a hypothetical question that reflected the claimant's
25         residual functional capacity since September 12, 2019, the vocational
26         expert responded that the individual would be unable to complete the
27         past work listed above, as the demands of this past work exceed the
28         residual functional capacity.  I accept the testimony of the vocational

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

**Complaint**

expert and find that the claimant is unable to perform past relevant work as actually or generally performed.

67. On or about June 10, 2022, UNUM wrote that it was still considering Plaintiff's appeal.

68. On or about July 8, 2022, UNUM wrote that it was still considering Plaintiff's appeal.

69. On or about August 1, 2022, UNUM wrote that it had rejected Plaintiff's appeal

70. On August 15, 2022, Plaintiff's attorney write to Defendant asking for more time so that Plaintiff's treating physicians could respond to UNUM's decision letter.

71. On October 18, 2022, Plaintiff sent additional documents to Defendant.  Included were reports from Drs. Shimizu, Fong, and Marc Cheng, M.D., all of which concluded based on significant objective findings, studies, and examinations, that Plaintiff was totally disabled.

72. On or about October 25, 2022, Defendant responded that it would not change its position, despite the additional information.

73. On November 28, 2022, Dr. Cheng wrote a lengthy report, stating:

Ms. Thy Pham is under my care for pain management.  She has requested I review the "Appeals Physician Written Review" by Arlen Green, D.O. dated May 23, 2022 and an addendum dated May 26, 2022.  Dr. Green believes patient has no limitations that would preclude her to work as a paralegal. ·I disagree with that conclusion.

Ms. Pham has a complex medical history including cirrhosis, complex regional pain syndrome, encephalopathy, diabetes, hypothyroidism and lumbar spondylosis.  With these conditions, she has needed to take as many as 15 different pills per day from multiple specialties.  In order to alleviate her suffering we have prescribed her

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 900071
tel 213.624.2900
fax 213.624.2901

hydromorphone, gabapentin and Flexeril. These medications carry significant side effects for which we monitor her monthly. Her decrepit health has plagued her life since I had begun seeing her in 2017. It renders her semi-functional as she depends on large doses of medications to treat her various ailments.

Her condition took a turn for the worse in November of 2021 when her back pain escalated to the point where she presented to the emergency room. On MRI scan she was found to have an abscess in her spine measuring almost 2 feet long! Such diagnosis in her state carries a high mortality. Neurosurgeon, Dr. Lars Anker M.D., performed a dangerous thoracic laminectomy with debridement and washout of her spine. Thereafter she was left on IV antibiotics for another subsequent 3 months. Dr. Green's report makes no mention of reviewing radiology scans, hospital course, nor this life-and-death event.

It does not take a doctor to realize that this woman cannot work as a paralegal with its attendant duties of communication, document handling, computer processing and other complex tasks spanning an 8-hour workday.

Dr. Green's report cites exam findings from Dr. Shimazau, Dr. Fong, and our practice. However, our exam was never meant to assess whether she can work as a paralegal, or any occupation for that matter. Our medical visits conduct a safety assessment and focus on guiding treatment plans to improve her quality of life to meet fundamental activities of daily living. Cognitive discussions and exams only reflect a basic level of communication to demonstrate she can take care of herself. How can one equate brushing your teeth to preparing a complex legal brief?

**Complaint**

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

Along with suffering from her current incurable conditions, her prognosis is further worsened because interventional spine treatments will be limited in the future given her history of epidural abscess and coagulopathy. Her days are speckled with bouts of random pain and getting ready in the morning takes infinitely longer than the average healthy person. She will need lifelong multi-disciplinary treatments to sustain a basic level of function.

It is my opinion that she is not able to work at this time due to her disabilities.

74. On November 29, 2022, Plaintiff sent the November 28, 2022, report from Dr. Cheng to Defendant.

75. Later that same day, on November 29, 2022, Defendant wrote back that it had received Dr. Cheng's report but that it would reject his analysis out of hand and not provide it to Dr. Green: "Although Dr. Cheng's letter is new to file, the information contained within in the letter is not. The claim file possesses Dr. Cheng's full medical opinion and time relevant records that were previously considered during the appeal review. Our appeal decision remains unchanged."

76. On December 5, 2022, counsel for Plaintiff wrote to Defendant advising that Defendant was obligated to consider Dr. Cheng's new report as part of the required "meaningful dialogue" between an ERISA claimant and Defendant. An ERISA plan that fails to engage in a "meaningful dialogue" with a claimant has abused its discretion. *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011).

77. On December 9, 2022, Defendant responded, "Further consideration on appeal, [*sic*] was not warranted."

78. The Plan required payment of benefits within the jurisdiction of the above-entitled Court for a total amount to be shown at the time of trial.

79. The Plan was entered into within the jurisdiction of the above-entitled

Court.

80.    The Plan calls for performance within the jurisdiction of the above-entitled Court.

81.    Plaintiff has pursued and exhausted all administrative appeals, which Defendants denied.

82.    As a direct and proximate result of Defendant's refusal to honor the terms of the Plan, Plaintiff has suffered contractual damages under the and other incidental damages and out-of-pocket expenses, including attorney fees and costs, all in a sum to be determined at the time of trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For benefits payable under the Plan to reimburse Plaintiff, a beneficiary and participant of the Plan, less amounts previously paid, plus interest;

2.    For reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1);

3.    For any ERISA penalties to which Plaintiff may be entitled to from Defendant;

4.    For pre-judgment interest and post-judgment interest at the appropriate rate; and

5.    For such other relief as the court deems appropriate.

Dated: February 7, 2023          LAW OFFICES OF CHRISTIAN J. GARRIS

By: _____
          Christian J. Garris, Esq.

Attorneys for Plaintiff

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 900071
tel 213.624.2900
fax 213.624.2901